## Case No. 3,499.
### CURTIS et al. v. BRANCH et al.
4 Ban. & A. 189; [1] 15 O. G. 919.]

Circuit Court, E. D. Missouri. March Term, 1879.

PATENTS—"CIRCULAR SAWS"—VALIDITY.

The reissued letters patent No. 8,076, granted to James K. Lockwood, February 5th, 1878, for improvement in circular saws (the original patent having been dated Nov. 12, 1867, and numbered 70,728), being for an invention different from the original patent, held, void.

J. H. Blair, for complainants.
S. S. Boyd, for defendants.

TREAT, District Judge. This is a suit for an alleged infringement of the Lockwood

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

patent. No. 8,076, granted February 5th, 1878, which patent is for—1. A circular saw constructed with a series of cuts, slots or openings in its inner or central portion to prevent the warping or bucking of the saw when any part of it is expanded by heat. 2. A circular saw constructed with cuts, slots or openings terminating in holes or enlargements for the same purpose. 3. A circular saw constructed with cuts, slots or openings, and with elongated bolt or dowel holes near the eye for the same purpose. 4. A circular saw constructed with slots or openings terminating in enlargements or circular openings, and with enlarged bolt or dowel holes near the eye for the same purpose.

It is apparent from the claim and specification in the original patent, that the main thought of the inventor was the use of slots extending from the eye into the plate of the circular saw, short of the periphery, whereby the beneficial result claimed by him would be accomplished. The combination of the various devices therefor, named in the patent. is apparent. There were other patents and devices prior to his letters patent, whereby such slots or openings extend from the periphery toward the centre, and from the periphery entirely into the centre. The special claim in the original patent was that such slots or openings, with dowels, etc., should be connected with openings from the eye into the interior of the saw. Of course that patent could not cover any slots in the circular saw, irrespective of their position, because slots in other ways had been previously patented and used. The defendants' slots are not from the periphery inward, nor from the eye outward, but leaving between the periphery and the line of the slot, and between the eye and the line of the slot, solid surfaces, as shown in letters patent No. 191,-198. granted to E. W. Tilton, May 22, 1877, under which the defendants are working.

The original claim was for: "A circular saw constructed with more or less slots D, upon radial lines from the eye toward the periphery and terminating in holes C, in combination with the oblong holes or slots E, for the purposes substantially as set forth." The purposes set forth were to allow for expansion and contraction in the use of the saw. Devices by others had special reference to the expansion and contraction of the saw, near the periphery, in shallow cutting, etc.; but the inventor, in this instance, seemed to design a mode of providing for like expansion and contraction in deep cutting, by slotting from the eye into the body of the saw. Hence, if the second claim is to be construed as covering all slots terminating in holes or enlargements, irrespective of the position. or direction. of said slots, it is an illegal expansion of the original patent. and, therefore, void. As to the third claim, the same comments and conclusion apply. with this difference; that the defendants do not use the elongated bolt, or dowel holes near

the eye, for the purpose of allowing for expansion and contraction. The same remarks are applicable to the fourth claim.

The reissued patent is, as to the second, third, and fourth claims, void, because not one of those claims was covered by the original patent, unless it is specifically limited to less than is therein expressed. Thus the second claim in the reissue is for a circular saw constructed with slots terminating in round holes, irrespective of the position of the slots, while the original was for radial slots from the centre, etc. That claim expands the original to cover any slots, whether radial from the centre or not, if terminating in round holes, so that all previous patents for slots from the periphery, or entirely through the saw, would, if terminating in such holes, be an infringement. In other words, the claim must be for terminating all slots in a round hole—a claim for what was not included or suggested in the original patent, as a part of the patentee's invention. The third claim, dropping the idea of the termination of slots in round holes, covers the construction of slots combined with the elongated dowel holes near the eye. As already stated, the defendants do not use such holes. That claim, however, is expanded to cover any slots combined with such holes, no matter what the position of the slots. The fourth claim is for any combination of a slot terminating in such round holes, in combination with which, the enlarged dowel holes near the eye, are used. Here is an abandonment of the radial slots from the eye, so as to expand the claim to slots from the periphery, or intermediate between the periphery and eye-hole; but, however that may be, the defendants, not using such dowel holes, do not infringe that combination.

This reissue falls within the condemnation, repeatedly pronounced, of late, by the United States courts against efforts to expand original patents to cover different inventions from those originally made or suggested, in order to secure the benefit of subsequent inventions. The first patent was for a combination, clearly stated. Prior inventions had been patented for slots in circular saws, starting and terminating at designated parts of the surface. It was, therefore, for the peculiar arrangement of old devices that Lockwood had his patent. There was nothing new in a slot, in an elongated dowel hole, or in a round hole at the end of a slot; but there was something new in combining all three of those devices with the slot starting radially, not from the periphery, but from the eye. But his reissue seeks to cover every slot which terminates in a round hole; every circular saw with a slot, whether terminating in a round hole or not, which uses an elongated dowel hole, and also all such saws with slots terminating in round holes, in combination with elongated dowel holes. A simple statement of the differences between

the original and reissued patents is sufficient to show the illegal expansion. The first claim of the reissue involves another question. It is, broadly, for a circular saw constructed with a series of slots, etc., in its interior or central portion. The original was for such slots radially from the eye, and, in that respect, it was anticipated by Kern. If the design of the reissue was to expand the original so as to cover all slots not starting from the periphery, or from the eye, but which might be made "in the interior or central portion" of the saw, then that claim was for a very different invention from the original. The reissue is, for the reasons suggested, held void. Bill dismissed with costs.